WALTER M. ELSWICK, Judge.
It appears from the petition filed herein that on October 13, 1941, the claimant, while serving a ten-day sentence for drunkenness, fell from his berth in a cell of the Wood county jail to the concrete floor of said jail, which fall he alleges was caused by the breaking of a chain supporting the said berth, and that by reason of the said occurrence, he suffered permanent injuries to his hip and leg. The jail in question was in charge of, *161 and under control of, the sheriff of said Wood county, insofar as the management and control of the said jail was concerned, as appears from claimant’s petition.
The question that immediately presents itself for consideration is whether or not the claim, as presented, is such as can be entertained or investigated by this court. The injuries complained of having arisen while the claimant was confined in a county jail, under the exclusive control and supervision of the county, the remedy, if any to be provided, must necessarily be against the. county or county officials in charge, for it is specifically provided by section 6, article 10 of the constitution of this state, that:
“The credit of the State shall not be granted to, or in aid of any county, city, township, corporation or person; nor shall the State ever assume, or become responsible for the debts or liabilities of any county, city, township, corporation or person; . .
Assuming the allegations of claimant’s petition to be true, as they are therein set forth, it does not appear that he would have a right to maintain his claim before the Legislature under the constitution. This being so, certainly the claim, on the facts presented, is such as cannot with propriety be entertained or investigated by this court.
By analogy, we are further persuaded that the Legislature did not intend that this court should have jurisdiction over claims such as the one under consideration, as section 14 of the court of claims act specifically prohibits this court from hearing any claim arising from injuries or death to an inmate of a state penal institution. As inmates of state penal institutions cannot have any claim for damages caused by the negligence of those in charge of the state institutions heard or entertained by this court, much less, then, in our opinion can an inmate of a county jail receive consideration of any claim-that he may have for damages occasioned while he was an inmate of said jail.
We, therefore, refuse to entertain the claim as presented.